UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JACQUES GAUTIER                               :
                                              :
       v.                                     :     C.A. No. 08-353ML
                                              :
STATE OF RHODE ISLAND, et al.                 :

**REPORT AND RECOMMENDATIONS**

Lincoln D. Almond, United States Magistrate Judge

      Before this Court is Jacques Gautier's Petition for Writ of Habeas Corpus (the "Petition") brought under 28 U.S.C. § 2254. (Document No. 1). In his Petition, Gautier challenges the constitutionality of his state court convictions for murder and breaking and entering. Gautier filed his Petition *pro se* on September 22, 2008. Respondent, State of Rhode Island (the "State"), filed a timely response to the Petition in the form of a Motion to Dismiss (Document No. 12) on November 7, 2008.

      The State's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Petition and the Motion to Dismiss, in addition to performing independent research, this Court recommends that the State's Motion to Dismiss (Document No. 12) be DENIED solely on the grounds that the Petition does not constitute an impermissible "second or successive" petition and that the State be ORDERED to supplement its Memorandum of Law to address the merits of Petitioner's constitutional claims.

**Facts and Travel**

      On March 3, 2006, Gautier filed a Petition for Writ of Habeas Corpus attacking the refusal of the Superior Court to dismiss his 2003 indictment for murder. (See C.A. No. 06-99S). Both the 2006 Petition and this Petition share a common set of facts. The State has moved to dismiss the instant Petition

under 28 U.S.C. § 2254(b)(3) as an impermissible "second or successive" petition. Alternatively, the State argues that the Petition also fails on the merits. Because the procedural posture of Gautier's state court case has substantially changed between 2006 and 2008, the pending Petition is not an impermissible "second or successive" Petition.

The general facts underlying Gautier's conviction are detailed in the opinions of the Rhode Island Supreme Court. See State v. Gautier, 774 A.2d 882 (R.I. 2001) ("Gautier I"); and State v. Gautier, 871 A.2d 347 (R.I. 2005) ("Gautier II"). The following summary is taken from this Court's recitation of the facts in C.A. No. 06-99S.

On July 21, 1998, Gautier plead nolo in Superior Court to charges of delivery of cocaine and conspiracy to do so. He was sentenced to ten years on each count, twenty-one days to serve, with the remainder suspended with probation. Shortly into his period of probation, Gautier was arrested by the Providence Police on October 6, 1998 on a charge that he had brutally stabbed to death his wife's seventeen-year old boyfriend, Jeffrey Indellicati. The murder allegedly took place after a late-night dispute inside his wife's home in Providence.

As a result of his arrest, a probation revocation proceeding, brought pursuant to R.I. Super. Ct. R. Crim. P. 32(f), was promptly commenced against Gautier on October 7, 1998. A revocation hearing was held on November 12 and 20, 1998, and five witnesses testified (three presented by the State and two presented by Gautier). At the conclusion of the revocation hearing, the Superior Court determined that Gautier was not in violation of his probation based on the State's revocation notice, charging only that Gautier violated probation by committing murder. The Court concluded that the State had not met its burden of proving that Gautier murdered Indellicati and thus violated the terms of his probation. The Court also stated that a jury would later be able to decide Gautier's guilt or innocence of murder at a subsequent trial on the merits.

The State appealed the adverse ruling in the revocation proceeding. On June 29, 2001, the Supreme Court "quashed" the prior judgment and remanded. Gautier I, 774 A.2d 882. It held that it was not the trial justice's role to determine if Gautier committed murder and that, pursuant to State v. Znosko, 755 A.2d 832, 834-35 (R.I. 2000), the proper focus in the probation violation proceeding should have been whether Gautier was "lacking in the required good behavior expected and required by his probationary status." See State v. Godette, 751 A.2d 742, 745 (R.I. 2000). The Supreme Court determined that the evidence presented at the revocation hearing was sufficient to adjudge Gautier a violator, because it showed that he was present during a brutal slaying and failed to notify the police after he fled the scene. Gautier I, 774 A.2d at 887 and n.3.

Finally, the Supreme Court noted that the trial justice made an "error of law" when he stated at the conclusion of the revocation hearing that a jury would ultimately be able to decide Gautier's guilt or innocence. Gautier I, 774 A.2d at 887. It held that "[u]nfortunately and unintentionally, the trial justice misconceived the consequences of an adjudication of non-violation" because State v. Chase, 588 A.2d 120 (R.I. 1991) precludes the State from relitigating guilt or innocence after a no-violation finding. Id. at 888.[1]

Following remand, Gautier was adjudged a violator by the Superior Court and subsequently indicted for murder in 2003. Gautier unsuccessfully moved in Superior Court to dismiss the murder indictment based on State v. Chase. On April 12, 2005, the Rhode Island Supreme Court overruled State v. Chase and held that Gautier's no-violation finding did not collaterally estop a subsequent murder prosecution. Gautier II, 871 A.2d 347. Thereafter, Gautier was tried on the murder indictment and found, by a jury, guilty of second-degree murder. He appealed his conviction (Appeal No. SU-06-0058).

---

[1] In an attempt to avoid the bite of Chase, the State, prior to its appeal, unsuccessfully sought relief from the no-violation judgment based on newly discovered evidence. State v. Gautier, C.A. No. 98-1573, 1999 WL 191758 (R.I. Super. March 31, 1999). Suggesting that the State exercised "poor judgment" in "prematurely" bringing Gautier's violation hearing, the Court denied the State's Motion to Reopen the record. Id. at *3.

In his 2006 Petition, the sole issue raised by Petitioner was his contention that his trial should have been barred on double jeopardy/collateral estoppel grounds. At the time that Gautier's 2006 Petition was filed, his second Rhode Island Supreme Court appeal of his ultimate convictions was docketed and was in its early stages. Although his appeal was not complete, this Court noted that the Rhode Island Supreme Court in Gautier II had already had a full and fair opportunity to address the collateral estoppel issue presented in his Petition, and that the State did not argue in its Motion that Gautier's Petition was unexhausted or otherwise procedurally barred. For that reason, this Court addressed the merits of the 2006 Petition, and recommended that the Petition be dismissed. Judge Smith accepted that Report and Recommendation and dismissed Gautier's 2006 Petition. The First Circuit Court of Appeals declined to issue a certificate of appealability to Gautier.

Subsequently, on June 27, 2008, the Rhode Island Supreme Court affirmed Gautier's convictions on his direct appeal. See State v. Gautier, 950 A.2d 400 (R.I. 2008). The instant Petition followed, which challenges the constitutionality of his convictions on nine grounds. One of the nine grounds raises the same double jeopardy/collateral estoppel arguments previously rejected by this Court and can easily be dismissed. However, the other grounds presented in the Petition were not ripe for consideration when the 2006 Petition was filed. Because these issues were not ripe when the Court considered the merits of his 2006 Petition, the Court recommends that the State's Motion to Dismiss the Petition (Document No. 12) as a second or successive petition be DENIED and that the State be ORDERED to supplement its Memorandum of Law supporting its Motion to Dismiss, by January 15, 2009, to further address the merits of Petitioner's claims.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(c). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District

Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 3, 2008